IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JUSTIN M. D., )
 )
   Plaintiff, )
 )
v. ) Case No. 21-cv-00347-SH
 )
KILOLO KIJAKAZI, Acting )
Commissioner of Social Security, )
 )
   Defendant. )

## OPINION AND ORDER

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 20.) The Commissioner objects to this motion, arguing her position in the underlying matter was substantially justified. (ECF No. 21.) The Court agrees, and Plaintiff's motion will be denied.

### Background and Procedural History

Plaintiff filed the above-captioned appeal after being denied Title II disability insurance benefits. Relevant to Plaintiff's present motion, the underlying administrative law judge ("ALJ") found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with limitations that included only frequent bilateral handling and fingering. (R. 20.) After establishing Plaintiff's RFC, the ALJ determined that Plaintiff's impairments prevented him from performing his past relevant work. (R. 27.) The ALJ then determined, based on the testimony of a vocational expert ("VE"), that Plaintiff could perform other work, such as clerical mailer, electronics worker, and circuit-board screener. (R. 28.) The ALJ also concluded that the aggregate number of these positions in the national economy was significant. (R. 28-29.)

On appeal, Plaintiff argued this limitation to "frequent" reaching and handling was inconsistent with the requirements of the electronics worker job, and that the ALJ failed

to resolve an apparent conflict between the VE's testimony regarding the clerical mailer job and the Dictionary of Occupational Titles ("DOT"). (ECF No. 9 at 6-7.) The undersigned agreed. (*See* ECF No. 16.)

Specifically, the Court concluded the ALJ committed reversible error by failing to resolve a conflict between Plaintiff's physical RFC and the step-five jobs, and by failing to resolve a conflict between the VE's testimony and the DOT. (*Id.* at 6-9.) The Court also found these errors were harmful given the number of remaining jobs identified by the ALJ. (*Id.* at 9-12.) As such, the undersigned declined "to apply the harmless error standard and conclude that 48,000 jobs in the national economy is a significant number as a matter of law, such that no reasonable administrative factfinder . . . could have resolved the factual matter in any other way." (*Id.* at 12 (internal quotations omitted).) In rejecting the Commissioner's argument, the Court noted the Tenth Circuit's preference for ALJs to evaluate numerical significance in the first instance and cited the numerous district courts who have refused to find similar numbers significant as a matter of law. (*Id.* at 9-12.) The undersigned also acknowledged the district courts in this circuit that have gone the other way on the issue. (*Id.* at 11 n.4.)

Plaintiff now seeks $7,910.65 in attorney fees and paralegal time spent on this appeal. (ECF No. 20 at 2.) The Commissioner has objected, arguing that Plaintiff is not entitled to fees because her position was substantially justified. (ECF No. 21.) The Commissioner does not raise any objection to the amount of fees requested. (*Id.*)

## Analysis

### I.   Standard of Review

Under the EAJA, a fee award is required if (1) plaintiff is a prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special

circumstances that make an award of fees unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). The Commissioner does not dispute that Plaintiff is a party, as limited by § 2412(d)(2)(B), or that Plaintiff is the "prevailing party," as described by § 2412(d)(2)(H). (*See generally* ECF No. 21.) Similarly, the Commissioner does not argue that special circumstances would render an award in this case unjust. (*Id.*) The sole issue before the Court, therefore, is whether the Commissioner's position was substantially justified.

The Commissioner has the burden of establishing substantial justification, which is a test of reasonableness in law and fact. *Hackett*, 475 F.3d at 1172. The Commissioner's position is "substantially justified" if it was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Because substantial justification is a question of reasonableness, the Commissioner's position can be substantially justified even if it was wrong. *See Madron v. Astrue*, 646 F.3d 1255, 1257-58 (10th Cir. 2011) ("it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification").

Likewise, the Commissioner's success or failure on the merits at various stages in the proceeding is relevant to the substantial justification analysis, but it is not determinative. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). In the same way, a "string of losses" or successes before other district courts, while relevant, do not always provide conclusive answers on whether a position was justified. *See Pierce*, 487 U.S. at 568-69 (finding the "views of other courts on the merits"—which may result in "a string of losses" or "a string of successes"—are relevant "objective indicia," but not necessarily determinative). In fact, "[t]he government is more likely to meet [the substantial

3

justification] standard when the legal principle on which it relied is 'unclear or in flux.'" *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (unpublished) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)).[1]

For purposes of EAJA fees, the Commissioner's "position" includes both the position taken in the litigation, as well as the agency action on which the civil case is based. 28 U.S.C. § 2412(d)(2)(D). Accordingly, the Commissioner must demonstrate her position was substantially justified at all phases of Plaintiff's disability proceedings. *Hackett*, 475 F.3d at 1174 (noting a substantially justified litigation position does not necessarily cure unreasonable prelitigation conduct). Substantially justified means "more than merely undeserving of sanctions for frivolousness," *Pierce*, 487 U.S. at 566, but it does not require the Commissioner to prove her decision to litigate was based on a substantial probability of prevailing, *Hadden*, 851 F.2d at 1267-68. The Tenth Circuit has recognized an exception to these requirements, however, "when the government advances a litigation position that cures unreasonable agency action." *Evans*, 640 F. App'x at 733 (quoting *Hackett*, 475 F.3d at 1173-74 (cleaned up)). This includes "when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." *Id.* (quoting *Groberg v. Astrue*, 505 F. App'x 763, 765-66 (10th Cir. 2012) (unpublished)). Defendant's argument in this case turns on the applicability of this exception.

## II. The Commissioner's Position was Substantially Justified

Considering the variety of positions taken by district courts within this circuit on the "significant numbers" issue, the Court finds the Commissioner was substantially

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

justified in arguing that the ALJ's error in this case was harmless.

The Tenth Circuit has consistently refused to draw "a bright line" establishing the number of jobs necessary to constitute a "significant number." *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). Numerical significance is a fact-specific and individualized inquiry and is typically left to the ALJ to determine. *See Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004). Still, a reviewing court may supply a missing dispositive finding of fact under the rubric of harmless error where "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.* at 1145. Courts must be cautious in deciding this matter "in the first instance," however, because they must "avoid usurping the administrative tribunal's responsibility to find the facts" and must not violate "the general rule against post hoc justification of administrative action". *Id.* at 1144-45. Even so, a reviewing court may find an ALJ's erroneous inclusion of conflicting jobs at step five harmless by finding a significant number of nonconflicting jobs remain in the national economy. *See, e.g.*, *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (finding 1.34 million remaining jobs in the national economy significant).

How many jobs must exist for a harmless error finding in the Tenth Circuit is not especially clear. The *Evans* court noted,

> there is no bright-line answer to how many jobs are enough for a court to say, as a matter of law, that the number is significant, but the number appears to be somewhere between 100 [regionally], the number of jobs in *Allen* that we refused to consider significant for harmless-error purposes, and 152,000 [nationally], the lowest number of jobs we have considered (in *Stokes*[2]) to be sufficient so far for application of harmless error.

---

[2] *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (unpublished).

*Evans*, 640 F. App'x at 736 (footnote omitted).  Within this range, the Tenth Circuit has, at times, explicitly declined to find jobs ranging from 65,000 to 125,000 significant as a matter of law, *see Norris v. Barnhart*, 197 F. App'x 771, 777 (10th Cir. 2006) (unpublished), but also implied that 11,000 jobs nationally may constitute a significant number, *see Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (unpublished).  Given the lack of a bright line rule, the issue is in flux within this circuit and has resulted in a wide variation of outcomes.

For example, here in the Northern District of Oklahoma, the matter is "no longer subject to reasonable disagreement". *Lashawnda N.J. v. Kijakazi*, No. 20-CV-282-GKF-JFJ, 2021 WL 9639635, at *3 (N.D. Okla. Sept. 30, 2021) (quoting *Michele E. v. Saul*, No. 19-CV-247-JFJ, 2021 WL 9097801, at *2 (N.D. Okla. Apr. 26, 2021)).  Courts in this district routinely refuse to make a harmless error finding when faced with similar numbers to those at issue in this case (48,000). *See, e.g.*, *Terry T. v. Saul*, No. 19-CV-0684-CVE-CDL, 2021 WL 981284, at *5 (N.D. Okla. Mar. 16, 2021) (declining to find 108,000 jobs significant as a matter of law); *Michele E. v. Saul*, No. 19-CV-247-JFJ, 2020 WL 5701763, at *5 (N.D. Okla. Sept. 24, 2020) (same, 50,000 jobs); *Michael A. N. v. Saul*, No. 18-CV-600-FHM, 2020 WL 417777, at *3 (N.D. Okla. Jan. 27, 2020) (same, 83,000 jobs); *Keyes-Zachary v. Colvin*, No. 13-CV-0638-CVE-FHM, 2015 WL 65528, at *7 (N.D. Okla. Jan. 5, 2015) (same, 80,000 jobs).  Other district courts have held similarly. *See, e.g.*, *Brillhart v. Colvin*, No. CIV.A. 14-1387-JWL, 2015 WL 7017439, at *6 (D. Kan. Nov. 10, 2015) (declining to find 39,000 jobs significant as a matter of law); *Lori B. v. Saul*, No. 2:20-CV-00044-JCB, 2021 WL 1063314, at *6 (D. Utah Mar. 19, 2021) (same, approximately 25,000 jobs).

Conversely, numerous courts have gone the other way and determined that similar, even lower, numbers of jobs <u>are</u> significant as a matter of law. *See, e.g.*, *Garcia, v. Kijakazi*, No. 20-381 GJF, 2021 WL 3860352, at *6-7 (D.N.M. Aug. 30, 2021) (finding 75,000 jobs in the national economy significant as a matter of law); *Jones v. Colvin*, No. CIV-14-170-RAW-KEW, 2015 WL 5573074, at *3 (E.D. Okla. Sept. 22, 2015) (same, 15,520 jobs); *Robben v. Saul*, No. CIV-20-173-SM, 2021 WL 433202, at *4 (W.D. Okla. Feb. 8, 2021) (same, 40,000 jobs); *Sawney v. Saul*, No. CIV-19-163-SPS, 2020 WL 5652177, at *9 (E.D. Okla. Sept. 22, 2020) (same, 25,000 jobs); *Washington v. Saul*, No. 18-1286-EFM, 2019 WL 4080925, at *4 (D. Kan. Aug. 29, 2019) (same, 53,000 jobs); *Sly v. Berryhill*, No. CIV-17-781-BMJ, 2018 WL 1954836, at *3 (W.D. Okla. Apr. 25, 2018) (same, 32,000 jobs).

Relevant to the issues in Plaintiff's motion, the Tenth Circuit has recently offered guidance on how to address similar "significant numbers" arguments in the EAJA context. Just seven years ago, in *Evans*, the Tenth Circuit faced the issue of whether EAJA fees were warranted in circumstances very similar to this case. *See Evans*, 640 F. App'x 731. There, the Commissioner conceded that the ALJ erroneously included a job at step five, but argued the error was harmless when 18,831 other jobs existed in the national economy. *Id*. at 734. The district court refused to find harmless error, as the number of remaining jobs "was too small for the court to conclude that it was a significant number as a matter of law." *Id*. at 734-35. The plaintiff then moved for fees under the EAJA, which the district court denied, finding the Commissioner's position to be substantially justified. *Id*. at 735. On appeal, the Tenth Circuit agreed, finding the Commissioner substantially justified in arguing that 18,831 remaining jobs in the national economy was sufficient for applying harmless error in the case before it. *Id*. at 736-37.

This Court finds *Evans* persuasive and still applicable today. In the seven years since *Evans* was handed down, the Tenth Circuit has not provided additional guidance on where harmless error falls in the context of significant numbers. Meanwhile, the district courts within this circuit have not converged on a single position; instead, they appear to be solidifying into two, diametrically opposed camps. This is precisely the type of "unclear or in flux" issue where the government is more likely to meet the substantial justification standard. *Id.* at 733.

Moreover, while ultimately unsuccessful, the Commissioner's harmless error argument was reasonable enough to cure the otherwise unreasonable agency action. *Id.* The Court is aware that other judges in this district have determined that the Commissioner was not substantially justified in arguing harmless error in similar circumstances—placing great weight on how this district had ruled in the past. *See, e.g.*, *Lashawnda*, 2021 WL 9639635, at *3; *Michele*, 2021 WL 9097801, at *2. However, the Court finds the matter to be sufficiently "in flux" <u>in the circuit</u> for the Commissioner's argument to be reasonable. *See Pierce*, 487 U.S. at 560-61 (indicating the reasonableness of the government's position turns on "the law of the circuit . . . at the time of the EAJA appeal"); *see also Lemmon v. Colvin*, No. 2:14-CV-554, 2017 WL 1283656, at *2 (D. Utah Apr. 5, 2017) (denying the plaintiff's motion for attorney fees on the grounds that the government was substantially justified in arguing that either 10,000 or 13,000 jobs in the national economy constituted a significant number).

## Conclusion

The Commissioner has met her burden of showing the position of the United States was substantially justified. EAJA fees are not appropriate in this case.

IT IS THEREFORE ORDERED that Plaintiff's Application for Award of Attorney Fees (ECF No. 20) is DENIED.

ORDERED this 25th day of January, 2023.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT